1  James A. Quadra (SBN 131084)
   jquadra@calvoclark.com
2  William N. Hebert (SBN 136099)
   whebert@calvoclark.com
3  Kevin O. Moon (SBN 246792)
   kmoon@calvoclark.com
4  CALVO & CLARK, LLP
   One Lombard Street, Second Floor
5  San Francisco, CA 94111
   Tel: (415) 374-8370
6  Fax: (415) 374-8373

7  Attorneys for Plaintiff KEITH WRIGHT
   and all others similarly situated

8

9                    UNITED STATES DISTRICT COURT

10       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  | KEITH WRIGHT, on behalf of himself and all others similarly situated, | Case No. _____ |
    |---|---|
13  | | |
    | Plaintiff(s), | **CLASS ACTION COMPLAINT FOR** |
14  | v. | **VIOLATION OF CALIFORNIA'S** |
    | | **BUSINESS AND PROFESSIONS CODE** |
15  | SONY COMPUTER ENTERTAINMENT | **SECTION 17200 ET SEQ., BREACH OF** |
    | AMERICA INC.; and SONY COMPUTER | **CONTRACT, BREACH OF THE** |
16  | ENTERTAINMENT AMERICA, LLC. | **IMPLIED COVENANT OF GOOD** |
    | | **FAITH AND FAIR DEALING, UNJUST** |
17  | Defendants. | **ENRICHMENT, VIOLATION OF** |
    | | **CALIFORNIA'S CONSUMER LEGAL** |
18  | | **REMEDIES ACT, AND EQUITABLE** |
    | | **RELIEF** |
19  | | |
    | | **[Demand for Jury Trial]** |
20

21

22

23

24

25

26

27

28

---

**CLASS ACTION COMPLAINT**

1    Plaintiff Keith Wright ("Plaintiff"), on behalf of himself and all those similarly situated,

2  hereby complains and alleges against defendant Sony Computer Entertainment America, Inc.

3  ("Sony CEA") and defendant Sony Computer Entertainment America, LLC ("Sony CEA LLC")

4  (collectively, "Defendants"), upon information and belief as to all allegations except those

5  allegations pertaining to Plaintiff personally:

6                                    **INTRODUCTION**

7    1.    This action is brought as a nationwide class action pursuant to Rule 23 of the

8  Federal Rules of Civil Procedure, on behalf of a nationwide class of persons who owned one of

9  the non-"Slim" models of the Sony CEA Playstation ®3 video-game console (collectively, the

10  "PS3") during the period of November 17, 2006 to March 27, 2010 and who did not sell their

11  PS3 before March 27, 2010 (the "Class members"). As more fully set forth below, this action

12  seeks damages, restitution, injunctive relief, attorneys' fees and costs of this suit for Plaintiff and

13  each Class member.

14    2.    When Sony CEA launched the PS3, it advertised and marketed the PS3 as having

15  additional non-gaming features and capabilities that set it apart from its competitors. One of

16  these features was ability to install another operating system, such as the Linux operating system,

17  in addition to the primary PS3 system software (the "Other OS" feature). Although the Other OS

18  feature was a major selling point for many of its customers, Sony CEA has now intentionally

19  disabled this and other valuable functionalities of the PS3.

20    3.    Sony CEA's removal of these features constitutes an unfair and deceptive

21  business practice under California law, constitutes a breach of the sales contract between Sony

22  CEA and its PS3 purchasers, and constitutes a breach of the covenant of good faith and fair

23  dealing. It is also a violation of California's Consumer Legal Remedies Act.

24                               **PARTIES & CAPACITIES**

25    4.    Plaintiff is, and at all material times was, a resident of the State of California, and

26  the County of San Diego. Plaintiff purchased a PS3 from Fry's Electronics in San Diego on or

27  about December 20, 2008 for $399.99 plus tax.

28

---

**CLASS ACTION COMPLAINT**

1

5.     Defendant Sony CEA is, and at all material times was, a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Foster City, California.

6.     Defendant Sony CEA LLC is the successor-in-interest to Sony CEA. Sony CEA LLC is incorporated under the laws of the State of Delaware, with its principal place of business located in Foster City, California.

7.     Defendants conduct business throughout the State of California, including through the direct sale of their merchandise in the State.

**JURISDICTION & VENUE**

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because some Class members' citizenship are diverse from Defendants, there are more than 100 class members, and the amount in controversy is well in excess of $5 million.

9.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of California. Venue also properly lies in this district under 28 U.S.C. § 1391(c) because Defendants' corporate headquarters and principal place of business are in the Northern District of California.

**GENERAL ALLEGATIONS**

10.     Sony CEA released the PS3 in November, 2006 amid a marketing campaign that emphasized the PS3's non-gaming features such as the Other OS feature. This feature gave PS3 users the ability to install another operating system, such as Linux, in addition to the primary PS3 system software. Sony CEA highlighted this additional feature, among others, to distinguish the PS3 from its competitors. Sony CEA also used the Other OS feature to justify the PS3's steep retail price.

11.     In marketing the Other OS feature, Sony CEA represented on its website "playstation.com" that when it designed the PS3, "it was fully intended that you, a PS3 owner, could play games, watch movies, view photos, listen to music, and run a full-featured Linux operating system that transforms your PS3 into a home computer."

*919358*

1    12.    Plaintiff purchased a PS3 for the additional capabilities Sony CEA was

2    advertising.  Plaintiff also utilized the Other OS feature to install Linux on his PS3.  This allowed

3    Plaintiff to use his PS3 as a home computer.

4    13.    In addition, by using the PS3 for all of these different functions, Plaintiff and the

5    Class members have saved money by avoiding the need to purchase other electronic devices.

6    14.    Despite prior representations that it would support the Other OS feature, on

7    March 28, 2010, Sony CEA announced that its next software update (the "Update") would

8    disable that feature.  Sony CEA described the Update on its playstation.com website as follows:

> The next system software update for the PlayStation 3 (PS3) system will be
> released on April 1, 2010 (JST), and will disable the "Install Other OS" feature
> that was available on the PS3 systems prior to the current slimmer models,
> launched in September 2009. This feature enabled users to install an operating
> system, but due to security concerns, Sony Computer Entertainment will
> remove the functionality through the 3.21 system software update.
>
> In addition, disabling the "Other OS" feature will help ensure that PS3 owners
> will continue to have access to the broad range of gaming and entertainment
> content from SCE and its content partners on a more secure system.
>
> Consumers and organizations that currently use the "Other OS" feature can
> choose not to upgrade their PS3 systems, although the following features will no
> longer be available;
>
> *   Ability to sign in to PlayStation Network and use network features that
>     require signing in to PlayStation Network, such as online features of PS3
>     games and chat
>
> *   Playback of PS3 software titles or Blu-ray Disc videos that require PS3
>     system software version 3.21 or later
>
> *   Playback of copyright-protected videos that are stored on a media server
>     (when DTCP-IP is enabled under Settings)
>
> *   Use of new features and improvements that are available on PS3 system
>     software 3.21 or later.

26    15.    Although PS3 owners are not required to install the Update, failing to do so

27    means those owners will lose access to additional valuable features, including, among others, the

28    ability to: (1) watch new Blu-ray videos; (2) play PS3 games online; (3) play new PS3 games;

**CLASS ACTION COMPLAINT**

3

1  and (4) access the Playstation network (collectively, the "Additional Features"). Sony CEA

2  unlawfully forced PS3 owners to give up either the Other OS feature or the Additional Features.

3  Plaintiff did not want to lose the Other OS feature, so he has not installed the Update. But this

4  has caused Plaintiff to lose access to the Additional Features, which he has used prior to April 1,

5  2010.

6  ## CLASS ACTION ALLEGATIONS

7       16.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

8  action on his own behalf and on behalf of a nationwide class, including all United States

9  territories, of all persons who owned a PS3 during the period of November 17, 2006 to March

10  27, 2010 and who did not sell their PS3 before March 27, 2010.

11       17.     Excluded from the class are Defendants, any parent, subsidiary, or affiliate of

12  Defendants, any entity in which Defendants have or had a controlling interest and any officer,

13  director, employee, legal representative, predecessor, successor, or assignee of Defendants.

14       18.     This action satisfies the criteria for certification under Federal Rule of Civil

15  Procedure 23 and applicable case law:

16       (a)     The Class members are numerous, numbering in the millions. Thus, joinder of all

17  members is impracticable;

18       (b)     There are questions of law or fact common to the Class members that

19  predominate, including:

20       (i)     whether Defendants violated California's Unfair Competition Law by

21  forcing PS3 purchasers to choose between the Other OS feature and the Additional Features after

22  originally using the Other OS feature to maximize Defendants' sales and by failing to inform the

23  PS3 purchasers that they could not avoid making the choice;

24       (ii)     whether Defendants violated California's Consumer Legal Remedies Act

25  by inserting unconscionable terms into their Software Licensing Agreement and disabling

26  valuable features from the PS3 that they used to market the product and indicated they would

27  continue to support;

28

*919358*

1    (iii)    whether Defendants violated contractual covenants by issuing the Update
2  for the purpose of materially impairing Plaintiff's and Class members' ability to use the PS3
3  functionalities;

4    (iv)    whether Defendants were unjustly enriched  by retaining the entire sales
5  proceeds for the PS3 despite having disabled valuable features; and

6    (v)    whether the Class members have sustained damages and/or other
7  compensable losses/injuries;

8    (c)    The claims asserted by Plaintiff are typical of the claims of the Class members;

9    (d)    Plaintiff will fairly and adequately protect the interests of the Class members, and
10  Plaintiff has retained attorneys experienced in consumer class actions and complex litigation;

11    (e)    A class action is superior to other available methods for the fair and efficient
12  adjudication of the controversy because joinder of all Class members is impractical.  A class
13  action will permit an orderly and expeditious administration claims, promote judicial economy
14  and avoid inconsistent judgments.  In addition, a class action is superior because Plaintiff seeks
15  injunctive relief that applies to all Class members.

16
17

**FIRST CLAIM FOR RELIEF**
**(California Business and Professions Code § 17200 et seq.)**

18    19.    Plaintiff incorporates by reference all allegations in the prior paragraphs as if fully
19  set forth here.

20    20.    A major selling point for the PS3, which Defendants advertised and marketed
21  extensively, was the Other OS feature.  Yet Defendants no longer support that feature, and now
22  require PS3 purchasers to give up either the Other OS feature or the Additional Features.
23  Plaintiff and the Class members therefore have been deprived of the benefit of their bargain.

24    21.    Defendants' actions are a violation of California's Business and Professions Code
25  section 17200, et seq., which prohibits any "unlawful, unfair or fraudulent business act or
26  practice."  Moreover, Defendants' advertisements relating to the PS3 were false, deceptive,
27  and/or fraudulent.  Defendants' unlawful conduct emanates from California and extends to the
28  entire United States and its territories.

**CLASS ACTION COMPLAINT**
5

*919358*

1    22.    Had Plaintiff and the Class members known all of the material facts, they would

2  not have purchased the PS3. As a direct and proximate consequence of Defendants' unlawful

3  conduct, Plaintiff and the Class members suffered an ascertainable loss of money, including the

4  purchase price of their PS3s.

5    23.    For the above reasons, Defendants are liable to Plaintiff and the Class members

6  for restitution, including a sum equal to the amount of all monies expended by Plaintiff and the

7  Class members to purchase their PS3s or, alternatively, restitution of the full amount received by

8  Defendants from the sale of the PS3s.

9                           **SECOND CLAIM FOR RELIEF**
                                **(Breach of Contract)**
10

11    24.    Plaintiff incorporates by reference all allegations in the prior paragraphs as if fully

12  set forth here.

13    25.    Among other things, Plaintiff and the Class members purchased their PS3s from

14  defendants for both the Other OS feature and the Additional Features, which they believed would

15  be available to them for the life of the product.

16    26.    Plaintiff and the Class members have fulfilled their obligations under the sales

17  contract by paying the PS3 asking price.

18    27.    Despite their performance, Defendants failed to fulfill their promises when they

19  forced PS3 owners to give up either the Other OS feature or the Additional Features.

20    28.    By forcing purchasers to make that choice, Defendants have breached their

21  contract with Plaintiff and the Class members. As a direct and proximate result of Defendants'

22  conduct, Plaintiff and the Class members have suffered, and continue to suffer, harm.

23                           **THIRD CLAIM FOR RELIEF**
                    **(Breach of the Covenant of Good Faith and Fair Dealing)**
24

25    29.    Plaintiff incorporates by reference all allegations in the prior paragraphs as if fully

26  set forth here.

27    30.    By forcing Plaintiff and the Class members to make that choice, Defendants have

28  breached the covenant of good faith and fair dealing.

---

*919358*

1       31.    As a direct and proximate result of Defendants' actions, Plaintiff and the Class

2   members have suffered harm.

3   ### FOURTH CLAIM FOR RELIEF
4   ### (Unjust Enrichment)

5       32.    Plaintiff incorporates by reference all allegations in the prior paragraphs as if fully

6   set forth here.

7       33.    By paying the PS3 purchase price, Plaintiff and the Class members conferred a

8   substantial benefit upon Defendants.

9       34.    Even though Defendants accepted these benefits, Defendants have unlawfully

10  forced PS3 owners to choose between the Other OS feature and the Additional Features.

11      35.    Defendants' unlawful conduct has unjustly enriched them at the expense of

12  Plaintiff and the Class members and they are required to compensate Plaintiff and the Class

13  members for harm they have caused.

14      36.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and

15  the Class members have suffered injury and are entitled to reimbursement, restitution, and

16  disgorgement by Defendants of the benefits conferred upon them by Plaintiff and the Class

17  members.

18  ### FIFTH CLAIM FOR RELIEF
19  ### (California's Consumer Legal Remedies Act)

20      37.    Plaintiff incorporates by reference all allegations in the prior paragraphs as if fully

21  set forth here.

22      38.    Defendants violated California's Consumer Legal Remedies Act by stating that

23  the PS3 would support the Other OS feature and the Additional Features without telling the

24  purchasers that they eventually would have to choose one or the other. Defendants' unlawful

25  conduct emanates from California and extends to the entire United States and its territories.

26      39.    Defendants also violated Civil Code §1770(19) by including the following

27  unconscionable terms in the System Software License Agreement (the "License Agreement"):

28  (1) "Some services may change your current settings, cause a loss of data or content, or cause

*919358*

1 | some loss of functionality"; and (2) "SCE, at its sole discretion, may modify the terms of this
2 | Agreement at any time, including any terms in the PS3TM system documentation or manual, or
3 | at http://www.scei.co.jp/ps3-license/index.html. Please check back on this website from time to
4 | time for changes to this Agreement. Your continued access to or use of the System Software will
5 | signify your acceptance of any changes to this Agreement."

6 |     40.    Those terms are procedurally unconscionable because PS3 purchasers only
7 | received the License Agreement after they had purchased their PS3. Therefore, they had no
8 | meaningful choice whether to accept or reject those terms. Moreover, the terms were buried in
9 | the Licensing Agreement and were disguised by small-type.

10 |     41.    Those terms are substantively unconscionable because they permit Defendants to
11 | unilaterally alter the PS3's functionality whenever they want and for whatever reason without
12 | regard for the rights and expectations of its customers. This provides Defendants with an unfair
13 | advantage over their customers.

14 |     42.    The Licensing Agreement is therefore unconscionable and oppressive.
15 | Accordingly, Defendants should be enjoined from relying on it as a defense to this action. In
16 | addition, Defendants should be enjoined from forcing consumers to choose between the Other
17 | OS and the Additional Features.

18 | ## PRAYER FOR RELIEF

19 | **WHEREFORE**, Plaintiff prays for judgment on behalf of himself and the Class
20 | members against Defendants as follows:

21 |     1.    Certifying this action as a nationwide class action, including all United States
22 | territories, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with a
23 | class as defined in paragraph 1, above;

24 |     2.    Regarding the First Claim for Relief, awarding Plaintiff and the Class members
25 | all appropriate equitable remedies, including restitution of all the money Plaintiff and the Class
26 | members paid for the purchase of their PS3s during the class period;

27 |     3.    Regarding the Second Claim for Relief, awarding Plaintiff and the Class members
28 | all appropriate remedies, including damages as well as consequential and incidental damages;

1      4.    Regarding the Third Claim for Relief, awarding Plaintiff and the Class members
2  all appropriate remedies, including restitution and disgorgement of all profits unjustly obtained
3  by Defendants;

4      5.    Regarding the Fourth Claim for Relief, awarding Plaintiff and the Class members
5  all appropriate remedies, including restitution and disgorgement of all profits unjustly obtained
6  by Defendants;

7      6.    Regarding the Fifth Claim for Relief, awarding Plaintiff injunctive relief only;

8      7.    Awarding Plaintiff and the Class members pre-judgment interest, their costs and
9  attorneys' fees; and

10      8.    Awarding Plaintiff and the Class members such other and further relief as this
11  Court deems just and proper.

13  DATED: May 6, 2010

CALVO & CLARK, LLP

By:

James A. Quadra

*Attorneys for Plaintiff*
KEITH WRIGHT

**CLASS ACTION COMPLAINT**
9

*919358*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on any issue triable as right by a jury.

DATED: May 6, 2010

CALVO & CLARK, LLP

By: _____
James A. Quadra

*Attorneys for Plaintiff*
KEITH WRIGHT